UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:17-CR-525-T-17CPT

THOMAS R. CASTILLO
a/k/a Thomas Castillo El Bey
a/k/a Tutankhamun Castillo El Bey.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 54 | Motion to Dismiss, Motion for Summary Judgment Due to Acquiescence, Negligence (Castillo) |
| Dkt. 63 | Motion for Entry of Default Judgment (Castillo) |
| Dkt. 65 | Motion to Dismiss (Castillo) |
| Dkt. 66 | Response in Opposition (Gov.) |
| Dkt. 68 | Response and Motion to Compel (Castillo) |
| Dkt. 71 | Response in Opposition (Gov.) |
| Dkt. 72 | Response in Opposition (Gov.) |
| Dkt. 73 | Order of Referral |
| Dkt. 79 | Response in Opposition (Gov.) |
| Dkt. 85 | Report and Recommendation |
| Dkt. 86 | Objection (Castillo) |
| Dkt. 87 | Notice (Castillo) |
| Dkt. 88 | Notice (Castillo) |

A Report and Recommendation has been entered by the assigned Magistrate Judge, in which it is recommended that pro se Defendant Thomas R. Castillo's Motion to Dismiss (Dkt. 54), Motion for Entry of Default Judgment (Dkt. 63), Motion to Dismiss (Dkt. 65), and Motion to Compel (Dkt. 68) be denied as procedurally infirm and substantively without merit. (Dkt. 85).

Defendant Thomas R. Castillo has filed an Objection (Dkt. 86) to the Report and Recommendation. Defendant Castillo is proceeding pro se, with the

Case No. 8:17-CR-525-T-17CPT

assistance of standby counsel.

I. Standard of Review

A. Report and Recommendation

Federal Rule of Civil Procedure 72 provides the appropriate procedure for district court review of a magistrate judge's report and recommendation. If a party wishes to challenge the recommendation, the party must "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). As the Eleventh Circuit Court of Appeals has explained, the party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 Fed. Appx. 781, 783 (11th Cir. 2006) (quoting Heath v. Jones, 863 F.2d 815, 822 (11th Cir.1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." Id. at 784 (citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir.1984)). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After the Court concludes its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord Local Rule 6.02.

B. Pro Se Pleadings

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam). Trawinski v. United Technologies, 313

Case No. 8:17-CR-525-T-17CPT

F.3d 1295, 1297 -1298 (11th Cir. 2002). [A]lthough we are to give liberal construction to the pleadings of pro se litigants, "we nevertheless have required them to conform to procedural rules." Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002). Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

II. Dkt. 85    Affidavit for Reconsideration

The Court has construed Defendant's Affidavit for Reconsideration as Defendant's Objection to the Report and Recommendation.

Defendant Castillo contends that the Miller Act applies to this case, that Defendant has provided bonds for settlement of the charges, such that all obligations on Defendant Castillo's account have been satisfied, and the Court should therefore grant Defendant Castillo's request for dismissal with prejudice. Defendant Castillo has asserted the following specific objections:

1. No party with the Court has addressed the positional matter of the Undersigned's Legal Tender for settlement. The Legal Tender(s) are GSA BID BOND Standard Form 24, GSA AFFIDAVIT FOR INDIVIDUAL SURETY Standard Form 28, GSA REINSURANCE AGREEMENT FOR A BOND STATUTE PERFORMANCE BOND Standard Form 273, GSA REINSURANCE AGREEMENT FOR A BONDS STATUTE PAYMENT BOND Standard Form 274, GSA REINSURANCE AGREEMENT IN FAVOR OF THE UNITED STATES Standard Form 275, Form 1040-V PAYMENT VOUCHER for IRS tax purposes, and a REPLEVIN BOND written to the Department of Treasury as a final attachment for deposit.

2. The representative for the United States Government, Jay G. Trezevant, hereby Representative, has not rejected or accepted the bonds for settlement of the charges & closure of the account on behalf of the United States Government/ Department of Justice. The Representative only stated that the Undersigned's Motion to Compel Dismissal Due to Acquiescence, Involuntary Dismissal & Non-Disclosed Evidence, which mentioned the

3

neglect of such bonds was "generally incomprehensible and fail to seek any cognizable relief." However, these REQUIRED bonds support United States Code Chapter 31 Section 3302(b), Section Chapter 40 Section 3131-3134 (Miller Act) and are essential elements for every court case. The judge's Motion that the Undersigned has "no basis for relief here" is bias and adherent to the US Government, which is discriminating against the Undersigned's actions.

3. Both the Representative & the Honorable Judge Christopher P. Tuite responded to the Motion to Compel, however, failed to produce a sworn affidavit, under the one's full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading, as requested by the Undersigned and that failing to do so is <u>an evident act of Selective/Vindictive prosecution</u>. Since it is *legal* to lie in such proceedings, also called <u>perjured testimony</u> (see Ninth Circuit Federal Court of Appeal in *Jones v. Shankland*, 800 F.2d 1310 (1987)) the Undersigned does not want to deal with mere declarations that could be underlying untruths, which would violate his God-Given Rights by being forced to deal with possible testimony under threat, duress & coercion. The Undersigned has been honorable by accepting facts in the Indictment & charges presented to him but asserts his innocence in the matter and displayed much evidence to support his "beliefs" in behavior. The Undersigned has also stated that he is dealing with case by force under threat, duress & coercion numerous times and has provided equitable remedy for the charges presented.

A. Defendant's Bonds

In the Indictment, Defendant Thomas R. Castillo is charged in Count One with, on or about March 16, 2016, knowingly making a false claim against the United States for payment by preparing and causing to be prepared, and filing or causing to be filed a U.S. Individual Income Tax Return, Form 1040, which was presented to the United States Department of the Treasury, through the Internal Revenue Service, wherein Defendant claimed a refund of taxes in the amount of $231,590, knowing that claim to be false, fictitious and fraudulent, in violation of 18 U.S.C. Secs. 287 and 2.

Case No. 8:17-CR-525-T-17CPT

Defendant Castillo is charged in Count Two with, on or about January 12, 2017, knowingly making a false claim against the United States for payment by preparing and causing to be prepared, and filing or causing to be filed a U.S. Individual Income Tax Return, Form 1040, which was presented to the United States Department of the Treasury, through the Internal Revenue Service, wherein Defendant claimed a refund of taxes in the amount of $272,243, knowing that claim to be false, fictitious and fraudulent, in violation of 18 U.S.C. Secs. 287 and 2.

On November 17, 2017, Defendant Castillo entered a plea of not guilty to Counts One and Two. (Dkt. 7). Counsel was appointed for Defendant, but Defendant Castillo was later granted leave to represent himself, with standby counsel. (Dkts. 23, 24, 25).

In the Report and Recommendation, the assigned Magistrate Judge found that Defendant Castillo has relied on rules, theories and remedies applicable to civil cases, and has relied on authority that is either legally irrelevant or non-cognizable altogether. The assigned Magistrate Judge further found that Defendant Castillo has not cited any legal authority demonstrating the rules, theories and remedies on which Defendant Castillo has chosen to rely have any relevance to the criminal charges in this case. (Dkt. 85, p. 15).

The Court puts Defendant Castillo's reliance on Defendant's "Legal Tender for settlement" and Defendant Castillo's filing of bonds in this category. These documents are not relevant to the charges asserted against Defendant Castillo.

After consideration, the Court overrules Defendant Castillo's first objection.

Case No. 8:17-CR-525-T-17CPT

B. Government Has Not Accepted or Rejected the Bonds for Settlement

After consideration, the Court again finds that Defendant's Bonds are not relevant to the charges against Defendant Castillo, and overrules Defendant Castillo's second objection.

The Court does not understand Defendant Castillo's reliance on Miller Act bonds. The Miller Act was enacted in 1935 as a response to the unavailability of mechanics' liens to those providing services or materials for the construction of buildings or works for the federal government. Mechanics' liens are not available to those providing services or materials for the construction of public projects because a lien cannot attach to government property. F.D. Rich Co. v. United States ex rel. Industrial Lumber Co., 417 U.S. 116, 121-122 (1974).. Miller Act claims can be brought as civil claims against the United States. This case is a criminal case, there is no public construction project, and no services or materials were provided for construction.

C. Failure to Provide Affidavit
Selective/Vindictive Prosecution

To the extent that Defendant Castillo asserts that the Court is required to produce a sworn affidavit "under its full commercial liability," the concept of commercial liability is not relevant to this criminal case. The Court is not required to provide a supporting affidavit for its ruling. Adjudicating disputed issues is within the scope of the authority of the presiding judicial officer. If a party disputes the Court's findings and conclusions, the remedy is to appeal the ruling.

In the Report and Recommendation, the assigned Magistrate Judge found that "the sole basis for Defendant's claim of selective and/or vindictive

6

Case No. 8:17-CR-525-T-17CPT

prosecution appears to be his allegation that "the Representative's fai[ed] to respond [] or comply to [sic] the [Defendant's] documents." (Dkt. 85, p. 13). Defendant Castillo has reasserted selective/vindictive prosecution, but the fact that the Court and the Representative of the United States did not provide supporting affidavits when not required to do so by the relevant Rules of Criminal Procedure or other controlling law is not evidence of selective/vindictive prosecution.

After consideration, the Court overrules Defendant Castillo's third objection. Accordingly, it is

**ORDERED** that Defendant Thomas R. Castillo's Objection (Dkt. 86) is **overruled.** The Report and Recommendation (Dkt. 85) is **adopted**, and incorporated by reference. It is further

**ORDERED** that Defendant Thomas R. Castillo's Motion to Dismiss, Motion for Summary Judgment (Dkt. 54) is **denied**; Defendant's Motion for Entry of Default Judgment (Dkt. 63) is **denied**; Defendant's Motion to Dismiss for lack of jurisdiction (Dkt. 65) is **denied;** Defendant Castillo's Motion to Compel (Dkt. 68) is **denied**. The Clerk of Court **shall provide** a copy of this Order to pro se Defendant by U.S. Mail.

Case No. 8:17-CR-525-T-17CPT

**DONE and ORDERED** in Chambers in Tampa, Florida on this 19th day of July, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Pro Se Defendant:

Thomas R. Castillo
2202 East Idlewild Avenue
Tampa, FL          33610