UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:17-CR-525-T-17CPT

THOMAS R. CASTILLO
a/k/a Thomas Castillo El Bey
a/k/a Tutankhamun Castillo El Bey.
_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 78 | Motion to Compel Dismissal Due to Acquiescence, Involuntary Dismissal and Non-Disclosed Evidence (Castillo) |
| Dkt. 83 | Motion to Strike (Government) |
| Dkt. 89 | Report and Recommendation |
| Dkt. 94 | Affidavit for Dismissal |

The assigned Magistrate Judge has entered a Report and Recommendation in which it is recommended that Pro Se Defendant Thomas R. Castillo's Motion to Compel Dismissal (Dkt. 78) be denied as procedurally infirm and substantively without merit. (Dkt. 89). The Report and Recommendation incorporates the previous Report and Recommendation (Dkt. 85) by reference.

Defendant Thomas R. Castillo has filed an Objection (Dkt. 94) to the Report and Recommendation. Defendant Castillo is proceeding pro se, with the assistance of standby counsel.

I. Standard of Review

Case No. 8:17-CR-525-T-17CPT

A. Report and Recommendation

Federal Rule of Civil Procedure 72 provides the appropriate procedure for district court review of a magistrate judge's report and recommendation. If a party wishes to challenge the recommendation, the party must "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). As the Eleventh Circuit Court of Appeals has explained, the party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 Fed. Appx. 781, 783 (11th Cir. 2006) (quoting Heath v. Jones, 863 F.2d 815, 822 (11th Cir.1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." Id. at 784 (citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir.1984)). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After the Court concludes its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord Local Rule 6.02.

B. Pro Se Pleadings

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam). Trawinski v. United Technologies, 313 F.3d 1295, 1297 -1298 (11th Cir. 2002). [A]lthough we are to give liberal construction to the pleadings of pro se litigants, "we nevertheless have required them to conform to

2

Case No. 8:17-CR-525-T-17CPT

procedural rules." Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002). Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

II. Dkt. 94   Affidavit for Dismissal

The Court has construed Defendant's Affidavit for Dismissal as Defendant's Objection to the Report and Recommendation.

Defendant Castillo asserts in general that:

> "Any objection must be given via sworn affidavit under the Judge's full commercial liability, signing under penalty of perjury that the facts contained therein are true correct, complete and not misleading, as requested by [Defendant]. Declarations are meritless, constituting "bad faith" for neglect to respond properly and is an evident act of Selective/Vindictive Prosecution."

Defendant Castillo asserts the following objections to the Report and Recommendation:
:

1. [Defendant] gave Notice of International Bill of Exchange for settlement & closures of all public and private claims against [Defendant]. It's been passed 72 hours (3 days) since the negotiable instrument was received, thus making the contract valid in the eyes of the law. Under the Negotiable Instruments Act, International Bills of Exchange applies to both civil and criminal cases.

2. All codes, rules, and regulations are unconstitutional and lacking due process.

3. [Defendant] is a "Natural Person" and not a creature to the State, thus is entitle (sic) to proper civil remedies to settle matters

3

> appropriately regardless if an accusation is criminal. Statutes
> are not applicable to Natural Persons as they do not abide by
> Natural Law, also known as Common Law, and do not recognize
> a Natural Persons Unalienable Rights (God-Given Rights),
> thus, violates [Defendant] through unconstitutional behavior.

A.   International Bill of Exchange

In the Report and Recommendation, the assigned Magistrate Judge notes that Defendant's Motion restates arguments made in prior Motions, and has recommended denial on the same basis.

The Court incorporates the Court's previous Order (Dkt. 93) which adopts the previous Report and Recommendation. Defendant Castillo has relied on a remedy which has no relevance to the criminal charges in this case. After consideration, the Court overrules Defendant's Objection as to this issue.

B.   Codes, Rules and Regulations Unconstitutional and Lacking Due Process

Defendant's objection is too general to be a valid objection the the Report and Recommendation. After consideration, the Court overrules Defendant's Objection as to this issue.

C.   Defendant Entitled to Civil Remedies; Unconstitutional Behavior
     Violates Defendant's Rights

As the Court has previously explained, the charges in the Indictment are criminal charges. Defendant Castillo's reliance on rules, theories and remedies applicable in civil cases is misplaced. The civil remedies on which Defendant Castillo has relied are not relevant to the criminal charges asserted against Defendant Castillo. The Court has previously denied Defendant Castillo's

Case No. 8:17-CR-525-T-17CPT

challenges to the sufficiency of the Indictment. (Dkt. 43).

Defendant Castillo's assertion that unspecified statutes violate Defendant Castillo's rights through unspecified unconstitutional behavior is too general to be a valid objection to the Report and Recommendation. The Court therefore overrules Defendant's objection as to this issue.

D.     Failure to Provide Affidavit

The Court adopts and incorporates the Court's previous Order (Dkt. 93) as to this issue, and overrules Defendant's Objection. Accordingly, it is

**ORDERED** that pro se Defendant Thomas R. Castillo's Objections to the Report and Recommendation are **overruled**; the Report and Recommendation is **adopted**, and incorporated by reference; it is further

**ORDERED** that pro se Defendant Thomas R. Castillo's Motion to Compel Dismissal Due to Acquiescence, Involuntary Dismissal and Non-Disclosed Evidence (Dkt. 78) is **denied**; it is further

**ORDERED** that the Government's Motion to Strike (Dkt. 83) is **denied as moot.**

Case No. 8:17-CR-525-T-17CPT

**DONE and ORDERED** in Chambers in Tampa, Florida on this ___8th___ day of August, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

All parties and counsel of record

<u>Pro</u> <u>Se</u> Defendant:

Thomas R. Castillo
2202 East Idlewild Avenue
Tampa, FL          33610