UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:17-cr-525-T-33CPT

THOMAS R. CASTILLO

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Thomas R. Castillo's third Motion for Compassionate Release (Doc. # 235), filed on August 28, 2020. The United States responded on September 28, 2020. (Doc. # 239). For the reasons set forth below, the Motion is denied without prejudice.

**I.   Background**

On December 6, 2019, the Court sentenced Castillo to twenty-four months' imprisonment, followed by three years' supervised release, for filing a false claim against the United States, in violation of 18 U.S.C. §§ 287 and 2. (Doc. # 226). Castillo is twenty-seven-years old and his projected release date from USP Atlanta is December 13, 2020. (Doc. # 239).

Castillo previously filed two motions for compassionate release (Doc. ## 228, 233), both of which the Court denied

1

for failure to exhaust administrative remedies. (Doc. ## 232, 234). In the Motion, Castillo requests compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic. (Doc. # 235). The United States has responded. (Doc. # 239). The Motion is now ripe for review.

## II. Discussion

### A. Request for Home Confinement

To the extent that Castillo's Motion is construed as requesting that the Court grant him home confinement, it must be denied. The Court has no authority to direct the Bureau of Prisons (BOP) to place Castillo in home confinement because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to the Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority

rests with the BOP."); 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]").

Therefore, Castillo's construed request for home confinement falls outside Section 3582(c)'s grant of authority. The Motion is denied as to this requested relief.

### B. Request for Compassionate Release

The United States argues that Castillo's request for compassionate release should be denied (1) because he has failed to exhaust his administrative remedies and (2) on the merits. (Doc. # 239 at 13-14). The Court agrees and holds that Castillo's Motion must be denied for failure to exhaust his administrative remedies. Furthermore, even if Castillo had exhausted his administrative remedies, his circumstances are not extraordinary and compelling so as to warrant release.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Castillo argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,** may reduce the term of imprisonment . . . after

> considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Castillo alleges that he sent a "home confinement request to the Warden[,] . . . which was denied." (Doc. # 235 at 2). However, that request was for home confinement, and not compassionate release. (Doc. # 235-1). Castillo offers no proof that he has appealed the Warden's denial of a request for *compassionate release*. (Doc. # 235). Therefore, Castillo has not demonstrated that he "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" nor have "30 days [lapsed] from the receipt of such a request by the warden of his facility." 18 U.S.C. § 3582(c)(1)(A); see also United States

v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons [] and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief.").

However, even if Castillo exhausted his administrative remedies, the Court would deny the Motion because his circumstances are not extraordinary and compelling. The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG §1B1.13, comment. (n.1). Castillo bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Here, Castillo argues that the Court should grant him compassionate release because of the COVID-19 pandemic and the conditions at his facility. (Doc. # 235). However, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Thus, Castillo has not shown an extraordinary and compelling reason that justifies compassionate release.

While Castillo's concerns about the COVID-19 pandemic are understandable, the Court notes several measures that have been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP

6

has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Thomas R. Castillo's pro se Motion for Compassionate Release (Doc. # 235) is **DENIED** with prejudice as to his construed request for home confinement and without prejudice as to his request for compassionate release for failure to exhaust his administrative remedies.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of October, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7